IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Dean Henry,<br><br>   Plaintiff,<br><br>vs.<br><br>Paul Penzone, et al.,<br><br>   Defendants. | No. CV-21-00386-SPL-CDB<br><br>**ORDER** |

On March 5, 2021, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), as well as a motion for leave to proceed in forma pauperis (Doc. 2). On May 14, 2021, the Court ordered Defendants Beckwith, Cooper, Dodd, Bernardo, Howard, Martinez, Navarette, and Fletcher to answer the excessive force claim in Count One; and dismissed the remaining claims and Defendants.

On June 14, 2021, Plaintiff filed a Motion to Amend Complaint (Doc. 9). Plaintiff seeks to amend Count One of his Complaint to cure the identified defects with regard to his claims against Penzone, as well as to assert a claim in Count Two against Collins for deliberate indifference to Plaintiff's serious medical needs (Doc. 9–1).

On July 13, 2021, the Honorable Camille D. Bibles, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 16), recommending the Motion to Amend be granted in part as to the inclusion of the claim against Defendant Collins for violation of his Fourteenth Amendment right to adequate medical health care and denied in all other respects. Judge Bibles advised the parties that they had fourteen (14) days to

file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy).

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will adopt the R&R and grant the Motion in part. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 16) is **accepted** and **adopted** by the Court.

///

///

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 9) is **granted in part and denied in part**. The Motion is **granted** insofar as Plaintiff seeks to proceed on a Fourteenth Amendment claim against Collins and **denied** in all other respects.

Dated this 18th day of August, 2021.

Honorable Steven P. Logan
United States District Judge