SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Dean Henry,<br>　　　　　Plaintiff,<br>v.<br>Paul Penzone, et al.,<br>　　　　　Defendants. | No. CV 21-00386-PHX-SPL (CDB)<br><br>**ORDER** |

Plaintiff Kevin Dean Henry, who is currently confined in the Arizona State Prison Complex (ASPC)-Yuma, Cibola Unit in San Luis, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)(v). (Doc. 60.) Plaintiff was informed of his rights and obligations to respond (Doc. 61), and he failed to do so.

The Court will grant the Motion and dismiss the action without prejudice.

**I.      Background**

On screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment excessive force claim in Count One against Maricopa County Sheriff's Office employees Beckwith, Cooper, Dodd, Bernardo, Howard, Martinez, Navarette, and Flecher and directed them to answer the claim. (Doc. 5.) The Court dismissed the remaining claims and defendants. (*Id.*) The

Court subsequently allowed Plaintiff to amend the Complaint to add a Fourteenth Amendment medical care claim against Defendant Collins. (Doc. 32.)[1]

Defendants now move to dismiss the action based on Plaintiff's repeated failure to participate in a deposition, provide discovery, and comply with the Court's orders.

**II.    Governing Standards**

Federal Rules of Civil Procedure 37(c)(1)(C) and 37(d)(1)(B)(3) provide that a party's failure to disclose or failure to attend a deposition may be sanctioned by any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(A)(v) contemplates "dismissing the action or proceeding in whole or in part." Additionally, Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U .S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). The standards governing dismissal for failure to comply with a court order are basically the same under either Rule 37(b) or Rule 41(b). *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

**III.   Relevant Facts**

Plaintiff's first telephonic deposition was scheduled for November 29, 2021, but Plaintiff ended the deposition about halfway through, and the Court granted Defendants an extension of the deadline to depose Plaintiff. (*See* Doc. 50.) The following exchange took place prior to Plaintiff ending the phone call:

---

[1] To date, Defendant Collins has not been served.

>   Q. Well, I have already explained to you that you have an ongoing obligation to supplement your responses [to requests for production], and I understand that you do not agree with that and that is an issue that we will take up with the Court if necessary.
>
>   A. I don't really care what they say. They ain't gonna get nothing until a motion for summary judgment gets filed, and that's when I submit everything. And when you lose, that's when you go to trial and that's when I get aid. I don't care—they can order me to do whatever. I am still going to stick to the master plan.
>
>   Q. If the Court order comes out ordering you to provide records, you are not going to do it?
>
>   A. Probably not. I am just going to appeal it. And that will be—by the time that appeal come[s] back, it will be time for a summary judgment. Once you file that, that's when I'll do it.

(Doc. 60-1 at 15–16 (Pl. Depo. at 54:15–55:6).)

Plaintiff's second deposition was scheduled for January 13, 2022, but Plaintiff refused to appear. (Doc. 60 at 3.)

On January 14, 2022, Defendants filed a motion to compel setting forth three different occasions where Plaintiff refused to provide discovery, including his failure to attend the rescheduled depositions. (Doc. 55.) On February 2, 2022, the Court granted the motion to compel and ordered Plaintiff to: (1) provide complete responses to Defendant Beckwith's requests for production by February 18, 2022; (2) produce to Defendants a signed medical authorization by February 18, 2022; and (3) appear and participate in a deposition to be scheduled within 30 days of the Court's order. (Doc. 56.)

Defense counsel attempted to reset Plaintiff's deposition in February 2022 after receiving the Order on the motion to compel, but on February 18, 2022, Corrections Officer (CO) Gomez reported that Plaintiff had advised her that he will not participate in any deposition, and he will not change his mind. (Doc. 60-1 at 3.)

On March 2, 2022, defense counsel made a final overture to see if Plaintiff was still refusing to participate in a deposition. On March 3, 2022, CO III Gallardo responded that

Plaintiff had changed his mind and was now willing to participate in a deposition. (*Id.* at 5–6.)

Defendants filed a motion to continue and extend deadlines to allow for the scheduling of this deposition, and the Court granted the continuance on March 7, 2022. (*See* Docs. 57, 58). Defense counsel then reset Plaintiff's deposition for March 17, 2022 at 9:00 a.m. (Doc. 59). On March 16, 2022, one day before the rescheduled deposition, CO III Gallardo reported that Plaintiff was again refusing to participate in the deposition. (Doc. 60-1 at 8–13.). The deposition was cancelled due to Plaintiff's refusal to attend.

To date, Plaintiff has not complied with any of the Court's directives from its Order on the motion to compel.

**IV.    Discussion**

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff has completely stopped prosecuting this action—he has failed to respond to discovery requests, comply with the Court's Order on the motion to compel, or attend his rescheduled depositions. Plaintiff's repeated refusals to engage in discovery or answer questions at deposition regarding the bases of his claims have effectively brought this litigation to a halt and prevented this case—which was filed over a year ago—from moving forward. The Court cannot continue to adjudicate this case, and Defendants cannot continue to litigate

it, without Plaintiff's participation in discovery.

The fourth factor favoring disposition on the merits, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. This action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 60), and the Motion is **granted**.

(2) This action is **dismissed** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the Clerk of Court must enter judgment accordingly.

Dated this 4th day of May, 2022.

Honorable Steven P. Logan
United States District Judge